**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                              CASE NO.: 08-20397

MORRIS AKINS,

    Defendant.

**MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE MICHAEL BYEST'S STATEMENT AND PRELIMINARY HEARING TESTIMONY**

COMES NOW Defendant, Morris Akins, by and through appointed counsel, Michael J. Stengel and Barry J. McWhirter, and submits this Memorandum in Support of his Motion to Exclude the statement that Michael Byest gave to the police on May 30, 2007, AT-8 to AT-10, (hereinafter referred to as "Byest's Statement") and his testimony at the state preliminary hearing on May 31, 2007. AT-1 (hereinafter referred to as "Preliminary Hearing").

## FACTS

1. The United States Government has brought a four count (Second) Superseding Indictment (D.E. #189) against Mr. Akins in which he is charged with (1) robbery affecting commerce in violation of 18 U.S.C. § 1951, (2) knowingly using and carrying a firearm during robbery affecting commerce in violation of 18 U.S.C. § 924(c); (3) killing Michael Byest with the intent to

prevent the communication by Michael Byest to a law enforcement officer or judge of the United States of information relating to robbery affecting commerce; and conspiring to affect interstate commerce by robbery from on or about May 10, 2007 to on or about June 11, 2007. *See* (Second) Superseding Indictment at D.E. #189.

2.   Mr. Akins has entered a not guilty plea to all four counts of the (Second) Superseding Indictment.

3.   Michael Byest, who is the individual the Government contends is the victim of this alleged murder, purportedly gave a statement to Sgt. Poindexter of the Memphis Police Department on Wednesday, May 30, 2007 at 10:43 a.m.  AT-8 to AT-10.

4.   Records indicate that on May 31, 2007, Michael Byest testified at a preliminary hearing in Tennessee v. Akins, Shelby County General Sessions No. 07116578.

## LAW & ARGUMENT

Both Byest's Statement and the Preliminary Hearing are hearsay and, therefore, inadmissible.  "Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Fed. R. Evid. 801(c).  Hearsay is not admissible unless it falls within one of the recognized exceptions in the Federal Rules of Evidence or by other rules

prescribed by the Supreme Court.  Fed. R. Evid. 802. None of the exceptions apply.

Further, the admission of either would violate Mr. Akin's constitutional right of confrontation.  The Sixth Amendment's Confrontation Clause guarantees the right of a criminal defendant "to be confronted with the witnesses against him." U.S. Const. amend VI.  Indeed, the Supreme Court has held that in order for prior "testimonial" evidence to be admissible, the declarant must be unavailable and the defendant must have had a prior opportunity to cross-examine the declarant. *Crawford v. Washington*, 541 U.S. 36, 68 (2004).  Although the Supreme Court did not provide a comprehensive definition of "testimonial", it did observe "that this term 'applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations.'"  *U.S. v. Hadley*, 431 F.3d 484 (6th Cir. 2005)(quoting *Crawford*, 541 U.S. at 68). Assuming, *arguendo*, AT-8 to AT-10 is Byest's Statement, it was given in response to police questioning, an "interrogation", and AT-1 is preliminary hearing testimony.  Accordingly, the admission of either statement would infringe on Mr. Akins' Sixth Amendment right of confrontation, as defined by the Supreme Court and Sixth Circuit.

## CONCLUSION

Based on the foregoing, Defendant moves this Court to exclude Byest's Statement and the Preliminary Hearing.


Respectfully submitted,


**/s/ Michael J. Stengel____**
MICHAEL J. STENGEL, #12260
62 N. Main, Ste. 401
Memphis, TN 38103
(901) 527-3535


AND

***/s/ Barry J. McWhirter_____***
BARRY J. McWHIRTER, #021601
62 N. Main, Ste. 401
Memphis, TN 38103
Office Phone (901) 522-9055
E-mail: barry@mcwhirterlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of September, 2011, a copy of the foregoing electronically filed instrument was served on the parties listed below by first-class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party:

Mr. Tony Arvin
Mr. Daniel French
Assistant United States Attorney
167 N. Main Street, Suite 800
Memphis, TN 38103


/s/ Barry J. McWhirter
BARRY J. McWHIRTER